UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


OLIARAN PERNELL,
     Plaintiff,

v.                                   Case No. _____

CITY OF FLINT,
COURTNEY BANKS,
COLLIN HAMBRICK, and
AMIR JAMES,
     Defendants,
_____/

W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold Street, Suite 1325
Detroit, MI 48226
(313) 963-5310
culpepper.kinneylaw@gmail.com
_____/


## COMPLAINT AND JURY DEMAND


NOW COMES Plaintiff, OLIARAN PERNELL, by and through his lawyer, and in support of his claim for damages against the above-captioned Defendants, states as follows:

1. That this is a civil rights action pursuant to 42 U.S.C. § 1983 arising out of the use of excessive force and unlawful seizure by police officers employed by the City of Flint.

2. That on September 13, 2025, Defendants Courtney Banks, Collin Hambrick, and Amir James used immediate and unjustified physical force against

OLIARAN PERNELL, a passenger in a vehicle, without probable cause or reasonable suspicion.

3. That Defendants' conduct violated Plaintiff's clearly established rights under the Fourth Amendment.

4. That jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction exists under 28 U.S.C. § 1367.

5. That venue is proper under 28 U.S.C. § 1391.

6. That Plaintiff, Oliaran Pernell, is a resident of Michigan.

7. That Defendant City of Flint is a municipal corporation responsible for the policies, training, supervision, and discipline of its police officers.

8. That Defendant Courtney Banks was, at all relevant times, a police officer employed by the City of Flint and acting under color of state law.

9. That Defendant Collin Hambrick was, at all relevant times, a police officer employed by the City of Flint and acting under color of state law.

10. That Defendant Amir James was, at all relevant times, a police officer employed by the City of Flint and acting under color of state law.

11. That each individual Defendant is sued in his individual capacity for actions taken under color of state law.

12. That on September 13, 2025, OLIARAN PERNELL was a passenger in a vehicle lawfully present in the City of Flint, specifically near Saginaw Street and North Dort Highway.

13. That, without observing any illegal conduct or having probable cause as to OLIARAN PERNELL or any occupants of the vehicle, Defendants approached said vehicle.

14. That OLIARAN PERNELL was not driving, was not suspected of any crime, was not resisting, and was not threatening.

15. That, without individualized suspicion, Defendants reached into the vehicle and seized Plaintiff.

16. That Defendants Banks, Hambrick, and James either directly applied force or were present and failed to intervene to prevent the unlawful use of force.

17. That the force used was excessive, immediate, disproportionate, and objectively unreasonable.

18. That no Defendant articulated probable cause or reasonable suspicion specific to OLIARAN PERNELL.

19. That, as a result of Defendants' conduct, OLIARAN PERNELL suffered physical injuries and economic damages, including but not limited to loss of employment and future profits.

### COUNT I – EXCESSIVE FORCE (42 U.S.C. § 1983)

21. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

22. That the Fourth Amendment prohibits objectively unreasonable force. *Graham v. Connor*, 490 U.S. 386 (1989).

23. That Sixth Circuit precedent clearly establishes that force against a non-resisting suspect is excessive. *Baker v. City of Hamilton*, 471 F.3d 601 (6th Cir. 2006).

24. That in *Kent v. Oakland County*, 810 F.3d 384(6th Cir. 2016), which is applicable at bar, no force should be used where there is no threat to officers.

25. That, as in *Goodwin v. City of Painesville*, 781 F.3d 314 (6th Cir. 2015), force against a non-resisting individual is unconstitutional.

26. That at all times during the encounter, OLIARAN PERNELL posed no threat to Defendants, either verbally or physically, and did not resist arrest.

27. That because OLIARAN PERNELL was merely a passenger and exhibited no conduct suggesting criminal activity, Defendants' use of force was unnecessary, excessive, objectively unreasonable, and unconstitutional.

## COUNT II – UNLAWFUL SEIZURE (42 U.S.C. § 1983)

28. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

29. That Defendants COURTNEY BANKS, COLLIN HAMBRICK, and AMIR JAMES lacked any articulable suspicion or probable cause to believe that OLIARAN PERNELL had committed, was committing, or was about to commit a crime, and therefore seized him without lawful basis. *United States v. Bell*, 762 F.2d 495 (6th Cir. 1985); *Bennett v. City of Eastpointe*, 410 F.3d 810 (6th Cir. 2005).

## COUNT III – FAILURE TO INTERVENE (42 U.S.C. § 1983)

30. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

31. That Defendants COURTNEY BANKS, COLLIN HAMBRICK, and AMIR JAMES had a duty to intervene to prevent constitutional violations by fellow officers.

32. That Defendants observed OLIARAN PERNELL, a non-threatening passenger, subjected to excessive force and failed to act despite having a reasonable opportunity to prevent such conduct, in violation of federal law.

33. That each Defendant observed OLIARAN PERNELL being forcibly removed from the vehicle, thrown to the ground, and subjected to pepper spray, and failed to intervene.

## COUNT IV – MUNICIPAL LIABILITY (MONELL)

34. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

35. That the City of Flint failed to properly train and supervise its officers, resulting in constitutional violations.

36. That Defendant City of Flint is liable under 42 U.S.C. § 1983 because the violations committed by Defendants were the result of policies, practices, customs, and/or deliberate indifference.

37. That a municipality may not be held liable under § 1983 on a theory of respondeat superior, but may be held liable where the injury was caused by policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

38. That liability also arises where failure to train amounts to deliberate indifference.

39. That the City of Flint has a custom of unlawful stops and detentions without reasonable suspicion or probable cause.

40. That the City failed to implement adequate safeguards to prevent unlawful stops, excessive force, and unconstitutional arrests.

41. That the City demonstrated deliberate indifference by failing to discipline officers.

42. That Plaintiff's injuries were directly and proximately caused by these policies and failures.

### COUNT V – ASSAULT AND BATTERY (MICHIGAN LAW)

43. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

44. That under Michigan law, excessive force constitutes assault and battery.

45. That Defendants used unlawful, unconsented force causing injury to Plaintiff.

### COUNT VI – GROSS NEGLIGENCE (MICHIGAN LAW)

46. That OLIARAN PERNELL incorporates all preceding paragraphs into this count.

47. That pursuant to MCL 691.1407(2), Defendants are liable for gross negligence.

48. That Defendants' conduct was reckless and demonstrated a substantial lack of concern for Plaintiff's safety.

WHEREFORE, OLIARAN PERNELL respectfully request that this Court enter judgment in his favor and against each Defendants in an amount not less than three million dollars ($3,000,000.00) in addition to an award of compensatory damages, punitive damages, attorney fees, costs pursuant to 42 U.S.C. § 1988 and any other relief the Court deems just and proper.

Respectfully submitted by,

By: /s/ William Otis Culpepper
W. Otis Culpepper (P23520)
Attorney for Plaintiff
615 Griswold Street, Suite 1325
Detroit, MI 48226
(313) 963-5310

Dated: April 7, 2026